UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x
VALENTIN KHAZIN                                                                                        COMPLAINT

                                          Plaintiff,                                     JURY DEMAND

      -against-

THE CITY OF NEW YORK; SYLESTER GE, as Executive Officer, Highway District; JOHN SANFORD, as Captain, Highway Patrol No.: 3; JONATHAN LIPKE, as Lieutenant, Highway Patrol No.: 3; MARC LEVINE, as Lieutenant, Highway Patrol No.: 3; STEPHEN BRATHWAITE, as Lieutenant, Highway Patrol No.: 3; VINCENT GREANY, as Commanding Officer, 9th Precinct; MICHAEL LAU, as Lieutenant, 9th Precinct; MICHAEL DIAZ, as Lieutenant, 9th Precinct and DANIEL BROWN

                                                       Defendants'
-----------------------------------------------------------------------------------x

The plaintiff, VALENTIN KHAZIN by his attorney THE SANDERS FIRM, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN respectfully set forth and allege that:

## INTRODUCTION

This is a civil rights action on behalf of the plaintiff VALENTIN KHAZIN (hereinafter referred to as "plaintiff") to vindicate his rights as an employee of defendant THE CITY OF NEW YORK as a result of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN'S unlawful conduct.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. Title VII of the Civil Rights Act of 1964;

   b. the Civil Rights Act of 1871, 42 U.S.C. § 1983;

   c. the New York State Human Rights Law; and

   d. the New York City Human Rights Law.

2. The unlawful employment practices and violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4. Plaintiff alleges on or about April 11, 2017, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

5. Plaintiff alleges on or about May 30, 2017, he received the Notice of Right to Sue from the United State Equal Employment Opportunity Commission.

## PLAINTIFF

6. Plaintiff VALENTIN KHAZIN is a male citizen of the United States of America, over twenty-one (21) years of age, resident of Kings County and is an employee of defendant THE CITY OF NEW YORK more specifically the Police Department of the City of New York.

## DEFENDANTS'

7. Defendant THE CITY OF NEW YORK is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and plaintiff's employer.

8. Defendant SLYVESTER GE (Asian Male), as Executive Officer, Highway District.

9. Defendant JOHN SANFORD (Caucasian Male), as Captain and Commanding Officer, Highway Patrol No.: 3.

10. Defendant JONATHAN LIPKE (Asian Male), as Lieutenant and Integrity Control Officer, Highway Patrol No.: 3.

11. Defendant MARC LEVINE (Caucasian Male), as Lieutenant and Second Platoon Commander, Highway Patrol No.: 3.

12. Defendant STEPHEN BRATHWAITE (African-American Male), as Lieutenant and Operations Coordinator.

13. Defendant VINCENT GREANY (Caucasian Male), as Commanding Officer 9th Precinct.

14. Defendant MICHAEL LAU (Asian Male), as Lieutenant, Second Platoon, 9th Precinct.

15. Defendant DANIEL BROWN (Caucasian Male), as Lieutenant and Operations Coordinator, 9th Precinct.

## BACKGROUND

16. Plaintiff alleges on or about May 18, 2015, he was transferred to Highway Patrol District-Drivers Training, Floyd Bennett Field in the County of Kings.

17. Plaintiff alleges on or about June 24, 2015, he was transferred to Highway Patrol No.: 2, 2900 Flatbush Avenue in the County of Kings.

18. Plaintiff alleges on or about June 25, 2015, he was transferred to Highway Patrol No.: 3, 198-15 Grand Central Parkway in the County of Queens.

19. Plaintiff alleges defendant MARC LEVINE (Caucasian Male), Lieutenant and Second Platoon Commander told him Police Officer Dana Harge (African-American Male) is a

'trouble maker and harasses women'.

20.     Plaintiff alleges what defendant MARC LEVINE to him about Police Officer Dana Harge was 'false'.

21.     Plaintiff alleges he noticed highway management, defendants' SLYVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE and STEPHEN BRATHWAITE, imposed illegal 'Performance Goals or Quotas' of 70 summonses per police officer assigned to the second and third platoons and 50 summonses per police officer assigned to the first platoon.

22.     Plaintiff alleges he noticed defendants' SLYVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE and STEPHEN BRATHWAITE treated Police Officer Dana Harge more harshly than Caucasian officers with 'unfair discipline, unfavorable assignments, less training, overtime and specific guidelines not imposed on other officers' etc.

23.     Plaintiff alleges in or around August 2015, defendant MARC LEVINE told him if requested, to deny Police Officer Dana Harge's request for days off and all requests must be approved by him.

24.     Plaintiff alleges on or about September 14, 2015, while assigned as the Desk Officer, Highway Patrol No.: 3 he overheard a conversation between defendants' JONATHAN LIPKE and MARC LEVINE about Police Officer Dana Harge's case published in the New York Daily News.

25.     Plaintiff alleges defendant JONATHAN LIPKE told defendant MARC LEVINE vary his shifts to avoid the appearance of harassing Police Officer Dana Harge.

26.     Plaintiff alleges prior to the newspaper article, defendant JONATHAN LIPKE ensured his shifts coincided with Police Officer Dana Harge to further harass him.

27. Plaintiff alleges shortly after the New York Daily News article about Police Officer Dana Harge's case, decedent former Commanding Officer, Highway District Inspector Michael Ameri convened a hastily called meeting to discuss the lack of African-American officers assigned to Highway.

28. Plaintiff alleges throughout the history of Highway, African-Americans have always been underrepresented, that pattern continues to this day.

29. Plaintiff alleges on or about November 28, 2015, he was assigned as the Desk Officer, Highway Patrol No.: 3.

30. Plaintiff alleges upon arriving at the Highway Patrol No.: 3, before even signing in, defendant JONATHAN LIPKE demanded to see the roll call and the whereabouts of Police Officer Dana Harge.

31. Plaintiff alleges he told defendant JONATHAN LIPKE Police Officer Dana Harge was assigned as the operator to Patrol Supervisor Georgia Madouras (Caucasian Female).

32. Plaintiff alleges defendant JONATHAN LIPKE order him to 10-2 (order a return) Patrol Supervisor Georgia Madouras.

33. Plaintiff alleges upon Patrol Supervisor Georgia Madouras's arrival at Highway Patrol No.: 3, defendant JONATHAN LIPKE order her to accompany him to an office he can speak with her.

34. Plaintiff alleges on or about November 30, 2015, he was notified by defendant STEPHEN BRATHWAITE effective December 1, 2015, he is being transferred to the Third Platoon (4x12 shift).

35. Plaintiff alleges he was transferred for approving Police Officer Robert Andersen's request for lost time, who was accused of falsifying department records.

36. Plaintiff alleges on or about December 1, 2015, requested defendant JOHN SANFORD to transfer him back to the Second Platoon (7x3) due to a childcare hardship.

37. Plaintiff alleges defendant JOHN SANFORD indicated he would accommodate him in "time."

38. Plaintiff alleges in or around February 2016, defendants' JOHN SANFORD and MARC LEVINE ordered him to find "endless work" for Police Officer Dana Harge to do.

39. Plaintiff alleges in or around Winter 2016, Sergeant Georgia Madouras is transferred to Highway Patrol No.: 1.

40. Plaintiff alleges on or about February 29, 2016, while assigned to the New York City Law Department about a case, he noticed defendant JONATHAN LIPKE following him around the city in a non-descript vehicle.

41. Plaintiff alleges in or around March or April 2016, Police Officer Harge requests lost time to attend his daughter's first little league baseball game. He approved the time off.

42. Plaintiff alleges shortly thereafter, defendant MARC LEVINE scolds him claiming Police Officer Dana Harge is a liar and to deny any further requests for lost time.

43. Plaintiff alleges in or around March or April 2016, because he would not go along with harassing Police Officer Dana Harge, defendants' SYLVESTER GE and JONATHAN LIPKE began investigating him.

44. Plaintiff alleges shortly thereafter, defendants' SYLVESTER GE and JONATHAN LIPKE subjected him to an extensive department interview lasting more than 3 hours.

45. Plaintiff alleges defendants' SYLVESTER GE and JONATHAN LIPKE accused him of failing to obtain permission to engage in off-duty employment, falsifying department records, failure to supervise, failing to put a car stop over the department radio.

46. Plaintiff alleges defendant SYLVESTER GE told him he did not belong in Highway.

47. Plaintiff alleges defendant SYLVESTER GE sustained the accusations against him offering to impose a ten-day penalty and a transfer.

48. Plaintiff alleges he reluctantly accepted the transfer.

49. Plaintiff alleges in or around decedent, former Inspector Michael Ameri meets with him in Highway Patrol's motorcycle garage and tells him "You're my guy, you are not leaving highway. I would never do that to you."

50. Plaintiff on or about May 2, 2016, defendant MARC LEVINE denied him a day off although there was adequate coverage.

51. Plaintiff alleges on or about May 3, 2016, defendant MARC LEVINE falsely accused him of signing his requests for days off.

52. Plaintiff alleges in or around May 2016, defendant SYLVESTER GE ordered him to choose a command based upon the Civilianization Transfer List.

53. Plaintiff alleges in or around May 2016, he granted Police Officer Dana Harge's requested for a day off.

54. Plaintiff alleges later that day, defendant MARC LEVINE scolds him for granting Police Officer Dana Harge's day off.

55. Plaintiff alleges defendant MARC LEVINE ordered him to deny Police Officer Dana Harge's further requests for days off claiming, "We can always find work for him."

56. Plaintiff alleges on or about May 12, 2016, he received a text message from defendant STEPHEN BRATHWAITE indicating that he must choose 3 precinct commands from the Civilianization Transfer List.

57. Plaintiff alleges on or about June 2, 2016, he was transferred to the 9th Precinct.

58. Plaintiff alleges on or about June 4, 2016, he met with the Executive Officer Captain Brett Granowetter requests the First Platoon.

59. Plaintiff alleges on or about June 7, 2016, defendant DANIEL BROWN tells him he is assigned to the Second Platoon.

60. Plaintiff alleges on or about June 24, 2016, defendant MICHAEL LAU denied his request for an emergency excusal. Defendant MICHAEL LAU informs him unless his sick child is hospitalized, the denial will stand.

61. Plaintiff alleges shortly thereafter, Lieutenant Olecchea and Police Officers Olavarria, Hunziker and Velazquez told him defendant SYLVESTER GE called the 9th Precinct claiming indicating he was the worst supervisor in the NYPD, a troublemaker and apologizes for transferring him.

62. Plaintiff alleges shortly thereafter, he was ordered to attend a department interview at Highway Patrol No.: 3.

63. Plaintiff alleges defendants' SYLVESTER GE and JONATHAN LIPKE falsely accused Police Officer Dana Harge of being off post.

64. Plaintiff alleges during the department interview, he stated this was clear retaliation against Police Officer Dana Harge for complaining about race discrimination.

65. Plaintiff alleges after the department interview, defendant SYLVESTER GE admitted calling the 9th Precinct to badmouth him.

66. Plaintiff alleges on or about July 6, 2016, he filed a complaint of race discrimination and retaliation with the NYPD Office of Equal Employment Opportunity on behalf of Police Officer Dana Harge.

67. Plaintiff alleges on or about September 6, 2016, Sergeant Thomas Yang, 9th Precinct told him purportedly defendant JONATHAN LIPKE visited the command during the Late Tour (12x8) to meet with defendant VINCENT GREANY.

68. Plaintiff alleges that from September through October 2016, his overtime plummets from 35:30 hours in cash August, to 9:48 in cash September, then to 0:30 cash October.

69. Plaintiff alleges in or around October 2016, he files a complaint of retaliation with the NYPD Office of Equal Employment Opportunity against defendants' SYLVESTER GE; VINCENT GREANY and JONATHAN LIPKE. His overtime immediately increases to 46:07 of cash overtime in November.

70. Plaintiff alleges in or around November 2016, he is notified to appear before the NYPD Performance Monitoring Unit.

71. Plaintiff alleges shortly thereafter, he was placed on Level I performance monitoring

72. Plaintiff alleges on or about November 29, 2016, he asked defendant VINCENT GREANY and MICHAEL DIAZ how to be removed from performance monitoring and they stated "don't be a disciplinary problem."

73. Plaintiff alleges defendant MICHAEL DIAZ admitted he requested him to be placed into the performance monitoring program.

74. Plaintiff alleges on or about November 29, 2016, with the assistance of Sergeants Benevolent Association Vice President Robert Ganley, he filed a grievance claiming placement was outside of the performance monitoring program protocols.

75. Plaintiff alleges on or about December 14, 2016, Sergeant Pascal told him defendant MICHAEL LAU had been inappropriately tracking his department vehicle movements via the DAS-Lite (POLICE GPS) system.

76. Plaintiff alleges after meeting with the NYPD Office of Equal Employment Opportunity on December 19, 2016, to this day, defendants' THE CITY OF NEW YORK; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN subjected him to harsher treatment including denial of department training, denial of more favorable police assignments, strict supervisory oversight, unscheduled unwanted overtimes, unpaid overtime, subjected to numerous false allegations of misconduct, and more difficult police assignments.

77. Plaintiff alleges on or about January 10, 2017, he filed a complaint of retaliation with the NYPD Internal Affairs Bureau Long No.: 2017-1194.

78. Plaintiff alleges on or about January 12, 2017, defendant MICHAEL LAU ordered him to lower the performance rating of Police Officer Lisa Stokes (African-American Female) from Excellent (4.0) to Above Average (3.5) because she filed a prior complaint of discrimination against Sergeant Jamie Gifkins, 9th Precinct.

79. Plaintiff alleges on or about March 16, 2017, Senior Police Administrative Aide Donna Nunzita told him defendant MICHAEL DIAZ has been holding his overtime slips.

80. Plaintiff alleges on or about March 17, 2017, Detective Dejesus, NYPD Office of Equal Employment Opportunity informed him her investigation concludes he was not subjected to retaliation.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RETALIATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

81.     Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count I of this complaint.

82.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions against him for his refusal to participate in the racial discrimination of Police Officers Dana Harge and Lisa Stokes.

83.     Plaintiff alleges that the retaliatory actions of defendant THE CITY OF NEW YORK through its agents caused him to lose compensation, loss of job opportunities, suffer emotional distress.

### COUNT II
### RETALIATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

84.     Plaintiff re-alleges Paragraphs 1 through 83 and incorporates them by reference as Paragraphs 1 through 83 of Count II of this complaint

85.     Plaintiff alleges that defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN engaged in various retaliatory actions against him acting individually and in their official capacities as public officials of defendant THE CITY OF NEW YORK for refusing to participate in the racial discrimination of Police Officers Dana Harge and Lisa Stokes.

86.     Plaintiff alleges defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN

LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN acted to deprive him of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

87. Plaintiff alleges defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN caused him to lose compensation, loss of job opportunities, suffer emotional distress.

## COUNT III
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

88. Plaintiff re-alleges Paragraphs 1 through 87 and incorporates them by reference as Paragraphs 1 through 87 of Count III of this complaint.

89. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused him injuries.

90. Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of race discrimination and retaliation through its agents were under color of law.

91. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused him to sustain damages.

## COUNT IV
## NEGLIGENT HIRING
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

92. Plaintiff re-alleges Paragraphs 1 through 91 and incorporates them by reference as Paragraphs 1 through 91 of Count IV of this complaint.

93. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived him of constitutional and statutory rights by hiring and promoting defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN.

94. Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's decision to hire and promote defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

95. Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents decided to hire and promote defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN he sustained constitutional and statutory injuries.

### COUNT V
### FAILURE TO TRAIN
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

96. Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count V of this complaint.

97. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

98. Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees

mishandling the situation.

99. Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

100. Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to train its employees regarding race discrimination and retaliation in the workplace he sustained constitutional and statutory injuries.

## COUNT VI
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

101. Plaintiff re-alleges Paragraphs 1 through 100 and incorporates them by reference as Paragraphs 1 through 100 of Count VI of this complaint.

102. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

103. Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

104. Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

105. Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to supervise its employees he sustained constitutional and statutory injuries.

## COUNT VII
## FAILURE TO DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

106. Plaintiff re-alleges Paragraphs 1 through 105 and incorporates them by reference

as Paragraphs 1 through 105 of Count VII of this complaint.

107. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived him of constitutional and statutory rights by failing to discipline defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN.

108. Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's failure to discipline defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

109. Plaintiff alleges because defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN he sustained constitutional and statutory injuries.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

110. Plaintiff re-alleges Paragraphs 1 through 109 and incorporates them by reference as Paragraphs 1 through 109 of Count VIII of this complaint.

111. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race or gender.

112. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

113. Plaintiff alleges defendants' defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN engaged in various retaliatory actions against him based upon his opposition to race and gender discrimination.

114. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN, he incurred significant legal costs, emotional distress, and damage to his personal and professional reputation.

## COUNT IX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

115. Plaintiff re-alleges Paragraphs 1 through 114 and incorporates them by reference as Paragraphs 1 through 114 of Count IX of this complaint.

116. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race or gender.

117. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

118. Plaintiff alleges defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN engaged in

various retaliatory actions against him based upon opposition to race and gender discrimination.

119. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN, he incurred significant legal costs, emotional distress, and damage to his personal and professional reputation.

## JURY TRIAL

120. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated: June 22, 2017
New York, NY

            Respectfully submitted,

            By: _____s_____
                Eric Sanders

            Eric Sanders, Esq.
            **THE SANDERS FIRM, P.C.**
            230 Park Avenue, Suite 1000
            New York, NY 10169
            (212) 808-6515 (Business Telephone)
            (212) 729-3062 (Facsimile)

            Website: http://www.thesandersfirmpc.com