UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x

VALENTIN KHAZIN                                           Docket No: 1:17-cv-03779

                                                         **AMENDED COMPLAINT**

                              Plaintiff,

        -against-                                        JURY DEMAND


THE CITY OF NEW YORK; SYLESTER GE, as Executive Officer,
Highway District; JOHN SANFORD, as Captain, Highway Patrol No.:
3; JONATHAN LIPKE, as Lieutenant, Highway Patrol No.: 3; MARC
LEVINE, as Lieutenant, Highway Patrol No.: 3; STEPHEN
BRATHWAITE, as Lieutenant, Highway Patrol No.: 3; VINCENT
GREANY, as Commanding Officer, 9th Precinct; MICHAEL LAU, as
Lieutenant, 9th Precinct; MICHAEL DIAZ, as Lieutenant, 9thPrecinct and
DANIEL BROWN and Lieutenant of Bronx Viper Unit LAWRENCE
HAWKINS

                              Defendants'
-----------------------------------------------------------------------------------x

        The plaintiff, VALENTIN KHAZIN by his attorney THE SANDERS FIRM, P.C., as and

for his complaint against defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN

SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT

GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN respectfully set forth

and allege that:

**INTRODUCTION**

        This is a civil rights action on behalf of the plaintiff VALENTIN KHAZIN (hereinafter referred

to as "plaintiff") to vindicate his rights as an employee of defendant THE CITY OF NEW YORK as a

result of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD;

JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY;

MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKIN'S unlawful

conduct.

## JURISDICTION AND VENUE

1.   The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C.

§§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured

by:

      a.   Title VII of the Civil Rights Act of 1964;

      b.   the Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.   the New York State Human Rights Law; and

      d.   the New York City Human Rights Law.

2.   The unlawful employment practices and violations of plaintiff's civil rights
complained of herein were committed within the Eastern and Southern Districts of
New York.

## PROCEDURAL REQUIREMENTS

3.   Plaintiff has filed suit with this Court within the applicable statute of limitations
period.

4.   Plaintiff alleges on or about April 11, 2017, he filed a Charge of Discrimination with
the United States Equal Employment Opportunity Commission.

5.   Plaintiff alleges on or about May 30, 2017, he received the Notice of Right to Sue
from the United State Equal Employment Opportunity Commission.

## PLAINTIFF

6.   Plaintiff VALENTIN KHAZIN is a male citizen of the United States of America,
over twenty-one (21) years of age, resident of Kings County and is an employee of
defendant THE CITY OF NEW YORK more specifically the Police Department of
the City of New York.

## DEFENDANTS'

7.   Defendant THE CITY OF NEW YORK is a municipal corporation organized and

existing under and by virtue of the law of the State of New York, and plaintiff's employer.

8.     Defendant SLYVESTER GE (Asian Male), as Executive Officer, Highway District.

9.     Defendant JOHN SANFORD (Caucasian Male), as Captain and Commanding Officer, Highway Patrol No.: 3.

10.    Defendant JONATHAN LIPKE (Asian Male), as Lieutenant and Integrity Control Officer, Highway Patrol No.: 3.

11.    Defendant MARC LEVINE (Caucasian Male), as Lieutenant and Second Platoon Commander, Highway Patrol No.: 3.

12.    Defendant STEPHEN BRATHWAITE (African-American Male), as Lieutenant and Operations Coordinator.

13.    Defendant VINCENT GREANY (Caucasian Male), as Commanding Officer 9th Precinct.

14.    Defendant MICHAEL LAU (Asian Male), as Lieutenant, Second Platoon, 9th Precinct.

15.    Defendant DANIEL BROWN (Caucasian Male), as Lieutenant and Operations Coordinator, 9th Precinct.

16.    Defendant LAWRENCE HAWKINS (Caucasian Male), as Lieutenant and Commanding Officer of Bronx Viper.

## BACKGROUND

17.    Plaintiff alleges on or about May 18, 2015, he was transferred to Highway Patrol District-Drivers Training, Floyd Bennett Field in the County of Kings.

18.    Plaintiff alleges on or about June 24, 2015, he was transferred to Highway Patrol No.: 2, 2900 Flatbush Avenue in the County of Kings.

19.    Plaintiff alleges on or about June 25, 2015, he was transferred to Highway Patrol No.:

3, 198-15 Grand Central Parkway in the County of Queens.

20.     Plaintiff alleges defendant MARC LEVINE (Caucasian Male), Lieutenant and Second Platoon Commander told him Police Officer Dana Harge (African-American Male) is a 'trouble maker and harasses women'.

21.     Plaintiff alleges what defendant MARC LEVINE told him about Police Officer Dana Harge was 'false'.

22.     Plaintiff alleges he noticed highway management, defendants' SLYVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE and STEPHEN BRATHWAITE, imposed illegal 'Performance Goals or Quotas' of 70 summonses per police officer assigned to the second and third platoons and 50 summonses per police officer assigned to the first platoon.

23.     Plaintiff alleges he noticed defendants' SLYVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE and STEPHEN BRATHWAITE treated Police Officer Dana Harge more harshly than Caucasian officers with 'unfair discipline, unfavorable assignments, less training, overtime and specific guidelines not imposed on other officers' etc. due to Police Officer Dana Harge's race.

24.     Plaintiff alleges in or around August 2015, defendant MARC LEVINE told him if requested, to deny Police Officer Dana Harge's request for days off and all requests must be approved by him.

25.     Plaintiff alleges on or about September 14, 2015, while assigned as the Desk Officer, Highway Patrol No.: 3 he overheard a conversation between defendants' JONATHAN LIPKE and MARC LEVINE about Police Officer Dana Harge's case published in the New York Daily News.

26.     Plaintiff alleges defendant JONATHAN LIPKE told defendant MARC LEVINE

to vary his own shifts to avoid the appearance of impropriety towrds Police Officer Dana Harge.

27.    Plaintiff alleges prior to the newspaper article, defendant JONATHAN LIPKE ensured his shifts coincided with Police Officer Dana Harge to further harass him.

28.    Plaintiff alleges shortly after the New York Daily News article about Police Officer Dana Harge's case, decedent former Commanding Officer, Highway District Inspector Michael Ameri convened a hastily called meeting to discuss the lack of African-American officers assigned to Highway and the need to "beef up blacks in Highway."

29.    Plaintiff alleges throughout the history of Highway, African-Americans have always been underrepresented, that pattern continues to this day.

30.    Plaintiff alleges on or about November 28, 2015, he was assigned as the Desk Officer, Highway Patrol No.: 3.

31.    Plaintiff alleges upon arriving at the Highway Patrol No.: 3, before even signing in, defendant JONATHAN LIPKE demanded to see the roll call and the whereabouts of Police Officer Dana Harge.

32.    Plaintiff alleges he told defendant JONATHAN LIPKE Police Officer Dana Harge was assigned as the operator to Patrol Supervisor Georgia Madouras (Caucasian Female).

33.    Plaintiff alleges defendant JONATHAN LIPKE order him to 10-2 (order a return) Patrol Supervisor Georgia Madouras.

34.    Plaintiff alleges upon Patrol Supervisor Georgia Madouras's arrival at Highway Patrol No.: 3, defendant JONATHAN LIPKE order her to accompany him to an

office so he can speak with her.

35.     Plaintiff alleges on or about November 30, 2015, he was notified by defendant STEPHEN BRATHWAITE effective December 1, 2015, he is being transferred to the Third Platoon (4x12 shift).

36.     Plaintiff alleges he was transferred for approving Police Officer Robert Andersen's request for lost time, who was accused of falsifying department documents.

37.     Plaintiff alleges on or about December 1, 2015, requested defendant JOHN SANFORD to transfer him back to the Second Platoon (7x3 shift) due to a childcare hardship.

38.     Plaintiff alleges defendant JOHN SANFORD indicated he would accommodate him in "time."

39.     Plaintiff alleges that it is common for police officers to work off duty employment to earn extra money and that off-duty employment must be approved by the NYPD.

40.     Plaintiff alleges that normally police officers who are requesting approval of off duty employment are very rarely denied and are usually approved within a day of submitting to proper forms.

41.     Plaintiff alleges that the NYPD Patrol Guide (a handbook that governs procedures for police officers) states that all requests for off duty employment must be approved or denied by the commanding officer of the officer seeking to work off duty employment.

42.     Plaintiff alleges that once a request for off duty employment is made a decision is rendered the officer has a chance to appeal the decision if it was denied.

43.  Plaintiff alleges that immediately before to joining Highway Patrol #3, he worked in the 70th Precinct.

44.  Plaintiff alleges that while in the 70th Precinct in 2015 he submitted paperwork for off duty employment.

45.  Plaintiff alleges that in 2016 he was informed that his paperwork had fell through the cracks and had not been signed.

46.  Plaintiff alleges, that he believed that his off duty employment had been approved and was not knowingly violating and NYPD practice or procedure by working his off-duty employment.

47.  Plaintiff alleges that once he became aware that his off-duty request from the 70th Precinct had not been approved, he immediately submitted a new request to defendant JONATHAN LIPKE to continue his off duty employment with American Airlines. Defendant JONATHAN LIPKE was then supposed to submit the request to the commanding officer.

48.  Plaintiff alleges that defendant JONATHAN LIPKE purposefully ignored the request for off-duty to further retaliate against plaintiff for not discriminating against Dana Harge.

49.  Plaintiff alleges that due to the lack of overtime he was receiving because of the retaliatory actions of the defendants herein, plaintiff had no choice but to work a second job in order to pay his bills.

50.  Plaintiff alleges that overtime is common in the NYPD and officers often rely on the overtime to make up their entire salary.

51.  Plaintiff alleges that overtime is such a staple of the employment of an officer with the police department that on the NYPD website they calculate the total salary for a new officer to be base pay plus their overtime pay.

52. Plaintiff alleges that because of the retaliation he received for not discriminating against Dana Harge he was stripped of his overtime which acted as essentially a cut to his normal salary.

53. Plaintiff alleges that defendant JONATHAN LIPKE never got around to signing his off-duty employment which was a purposeful and retaliatory act.

54. Plaintiff alleges that defendant JONATHAN LIPKE by stripping plaintiff of overtime and failing to approve or deny his request for off-duty employment was setting plaintiff up to be disciplined and ultimately terminated by the NYPD.

55. Plaintiff alleges in or around February 2016, defendants' JOHN SANFORD and MARC LEVINE ordered him to find "endless work" for Police Officer Dana Harge to do.

56. Plaintiff alleges in or around Winter 2016, Sergeant Georgia Madouras is transferred to Highway Patrol No.: 1.

57. Plaintiff alleges on or about February 29, 2016, while assigned to the New York City Law Department about a case, he noticed defendant JONATHAN LIPKE following him around the city in a non-descript vehicle.

58. Plaintiff alleges in or around March or April 2016, Police Officer Harge requests lost time to attend his daughter's first little league baseball game. He approved the time off.

59. Plaintiff alleges shortly thereafter, defendant MARC LEVINE scolds him claiming Police Officer Dana Harge is a liar and to deny any further requests for lost time.

60. Plaintiff alleges in or around March or April 2016, because he would not go along with harassing Police Officer Dana Harge, defendants' SYLVESTER GE and JONATHAN LIPKE began investigating him.

61. Plaintiff alleges shortly thereafter, defendants' SYLVESTER GE and JONATHAN LIPKE subjected him to an extensive department interview ("GO 15") lasting more than 3 hours.

62. Plaintiff alleges defendants' SYLVESTER GE and JONATHAN LIPKE accused him of failing to obtain permission to engage in off-duty employment, falsifying department records, failure to supervise, failing to put a car stop over the department radio among other frivolous charges.

63. Plaintiff alleges that defendants' SYLVESTER GE and JONATHAN LIPKE accused plaintiff of working off duty employment as a result of their purposeful failure to approve or deny his request for off duty employment.

64. Plaintiff alleges defendant SYLVESTER GE told him he did not belong in Highway.

65. Plaintiff alleges that defendant SYLVESTER GE, during this GO 15, stated to plaintiff that "he would never see the inside of a plane he didn't pay full price for."

66. Plaintiff alleges that this comment by defendant SYLVESTER GE is proof that the defendants GE and JONATHAN LIPKE were purposefully holding on to plaintiff paperwork for off duty employment with American Airlines without approving the request as a retaliatory act against plaintiff for not taking discriminatory actions against Dana Harge.

67. Plaintiff alleges that defendant SYLVESTER GE sustained the accusations against him offering to impose a ten-day penalty and a transfer.

68. Plaintiff alleges that the defendants SYLVESTER GE and JOHNATHAN LIPKE purposefully trumped up charges, including retaliatorily failing to

approve or decline his request for off duty employment to retaliate against plaintiff.

69.    Plaintiff alleges he reluctantly accepted the transfer.

70.    Plaintiff alleges in or around April 3, 2016, former Inspector Michael Ameri meets with him in Highway Patrol's motorcycle garage and tells him "You're my guy, you are not leaving highway. I would never do that to you."

71.    Plaintiff on or about May 2, 2016, defendant MARC LEVINE denied him a day off although there was adequate coverage.

72.    Plaintiff alleges on or about May 3, 2016, defendant MARC LEVINE falsely accused him of signing his requests for days off.

73.    Plaintiff alleges in or around May 2016, defendant SYLVESTER GE ordered him to choose a command based upon the Civilianization Transfer List.

74.    Plaintiff alleges in or around May 2016, he granted Police Officer Dana Harge's requested for a day off.

75.    Plaintiff alleges later that day, defendant MARC LEVINE scolds him for granting Police Officer Dana Harge's day off.

76.    Plaintiff alleges defendant MARC LEVINE ordered him to deny Police Officer Dana Harge's further requests for days off claiming, "We can always find work for him."

77.    Plaintiff alleges on or about May 12, 2016, he received a text message from defendant STEPHEN BRATHWAITE indicating that he must choose 3 precinct commands from the Civilianization Transfer List.

78.    Plaintiff alleges that on or about May 13, 2016, Commanding Officer Inspector Michael Ameri commits suicide days after he is visited by FBI agents for the

second time over a police corruption scandal.

79.     Plaintiff alleges on or about June 2, 2016, he was transferred to the 9th Precinct.

80.     Plaintiff alleges on or about June 4, 2016, he met with the Executive Officer Captain Brett Granowetter requests the First Platoon.

81.     Plaintiff alleges on or about June 7, 2016, defendant DANIEL BROWN tells him he is assigned to the Second Platoon.

82.     Plaintiff alleges on or about June 24, 2016, defendant MICHAEL LAU denied his request for an emergency excusal. Defendant MICHAEL LAU informs him unless his sick child is hospitalized, the denial will stand.

83.     Plaintiff alleges shortly thereafter, Lieutenant Oleachea and Police Officers Olavarria, Hunziker, Velazquez told him defendant SYLVESTER GE called the 9th Precinct claiming indicating he was the worst supervisor in the NYPD, a troublemaker and apologizes for transferring him.

84.     Plaintiff alleges shortly thereafter, he was ordered to attend a department interview at Highway Patrol No.: 3.

85.     Plaintiff alleges defendants' SYLVESTER GE and JONATHAN LIPKE falsely accused Police Officer Dana Harge of being off post.

86.     Plaintiff alleges during the department interview, he stated this was clear retaliation against Police Officer Dana Harge for complaining about race discrimination.

87.     Plaintiff alleges after the department interview, defendant SYLVESTER GE admitted calling the 9th Precinct to badmouth him.

88.     Plaintiff alleges on or about July 6, 2016, he filed a complaint of race discrimination and retaliation with the NYPD Office of Equal Employment

Opportunity on behalf of Police Officer Dana Harge.

89.    Plaintiff alleges on or about September 6, 2016, Sergeant Thomas Yang, 9th Precinct told him purportedly defendant JONATHAN LIPKE visited the command during the Late Tour (12 x 8 shift) to meet with defendant VINCENT GREANY.

90.    Plaintiff alleges that the following day on September 7, 2016 defendant MICHAEL DIAZ passed over a command discipline to plaintiff which allegedly occurred while he was at Highway.

91.    Plaintiff alleges that following the visit from Sergeant Thomas Yang from September through October 2016, his overtime plummets from 35:30 hours in cash August, to 9:48 in cash September, then to 0:30 cash October.

92.    Plaintiff alleges in or around October 2016, he files a complaint of retaliation with the NYPD Office of Equal Employment Opportunity against defendants' SYLVESTER GE; VINCENT GREANY and JONATHAN LIPKE. His overtime immediately increases to 46:07 of cash overtime in November.

93.    Plaintiff alleges on October 19, 2016 he was brought into a GO15 with Patrol Borough Manhattan South.

94.    Plaintiff alleges that in that hearing defendant VINCENT GREANY was ordered to sign plaintiffs request for off duty employment.

95.    Plaintiff alleges in or around November 2016, he is notified to appear before the NYPD Performance Monitoring Unit.

96.    Plaintiff alleges shortly thereafter, he was placed on Level I performance monitoring.

97.    Plaintiff alleges on or about November 29, 2016, he asked defendants VINCENT GREANY and MICHAEL DIAZ how to be removed from performance

monitoring and they stated, "don't be a disciplinary problem."

98.    Plaintiff alleges defendant MICHAEL DIAZ admitted he requested him to be placed into the performance monitoring program.

99.    Plaintiff alleges that he was placed on performance monitoring as a retaliatory act to set plaintiff up for termination from the police department.

100.    Plaintiff alleges on or about November 29, 2016, with the assistance of Sergeants Benevolent Association Vice President Robert Ganley, he filed a grievance claiming placement was outside of the performance monitoring program protocols.

101.    Plaintiff alleges on or about December 14, 2016, Sergeant Pascal told him defendant MICHAEL LAU had been inappropriately tracking his department vehicle movements via the DAS-Lite (POLICE GPS) system.

102.    Plaintiff alleges after meeting with the NYPD Office of Equal Employment Opportunity on December 19, 2016, to this day, defendants' THE CITY OF NEW YORK; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ and DANIEL BROWN subjected him to harsher treatment including denial of department training, denial of more favorable police assignments, strict supervisory oversight, unscheduled unwanted overtimes, unpaid overtime, subjected to numerous false allegations of misconduct, and more difficult police assignments.

103.    Plaintiff alleges that on December 23, 2016 he was given a notification to work an almost 24-hour shift, with a mandated four (4) hour break in between, so he could not spend Christmas eve nor Christmas with his family.

104.    Plaintiff alleges that on December 30, 2016 he was assigned a midnight tour on

New Year's Eve. Plaintiff was the only Sergeant assigned to a different roster that day.

105.    Plaintiff alleges on or about January 10, 2017, he filed a complaint of retaliation with the NYPD Internal Affairs Bureau Log No.: 2017-1194.

106.    Plaintiff alleges on or about January 12, 2017, defendant MICHAEL LAU ordered him to lower the performance rating of Police Officer Lisa Stokes (African-American Female) from Excellent (4.0) to Above Average (3.5) because she filed a prior complaint of discrimination against Sergeant Jamie Gifkins, 9th Precinct.

107.    Plaintiff alleges that on her about February 13, 2017 his previous lawyer releases a press release on his website indicating which officers' plaintiff would be bringing a lawsuit against.

108.    Plaintiff alleges that the following day on February 14, 2017 defendant VINCENT GREANY and defendant MICHAEL LAU issued plaintiff a 2.5 evaluation without cause or reason. Plaintiff appeals the retaliatory evaluation and it is increased to 3.5.

109.    Plaintiff alleges that on or about February 15, 2017 he is notified that any and all overtime including administrative overtime for him would be heavily scrutinized and is not approved.

110.    Plaintiff alleges on or about March 16, 2017, Senior Police Administrative Aide Donna Nunzita told him defendant MICHAEL DIAZ has been holding his overtime slips.

111.    Plaintiff alleges on or about March 17, 2017, Detective Dejesus, NYPD Office of Equal Employment Opportunity informed him her investigation concludes he was not subjected to retaliation.

112.    Plaintiff alleges that on or about June 28, 2017 Sergeant Thomas Leonard came to the 9th Precinct to speak with defendant VINCENT GREANY. There was no work-related reason for the sergeant to be at the 9th precinct.

113.    Plaintiff alleges that the following day on or about June 29, 2017 defendant MICHAEL DIAZ came into the precinct and reprimanded plaintiff for not filling out paperwork not demanded of other sergeants.

114.    Plaintiff alleges that on or about July 12, 2017 evaluation is raised 0.5 point after he appeals.

115.    Plaintiff alleges that following the service of his original Complaint for this matter his overtime is cut drastically.

116.    Plaintiff alleges that IAB was complicit in defendant JONATHAN LIPKE's efforts to thwart his ability to work and ultimately punish plaintiff for working off-duty employment.

117.    In late October 2017, plaintiff was approached by a detective that he had never met before.

118.    The detective approached plaintiff and stated "You look like the type of guy who likes to work hard. Would you be willing to work security for me?"

119.    Plaintiff alleges that this was out of the ordinary and a targeted attempt by the Internal Affairs Bureau ("IAB") to catch plaintiff for trying to earn extra money.

120.    Plaintiff alleges that defendant SYLVESTER GE had previously been a commanding officer in IAB and used them at his disposal to create a hostile work environment for plaintiff.

121.    Plaintiff alleges that he was only working off-duty employment to raise his income to the level it was at before his overtime was taken away for retaliatory reasons.

122.    Plaintiff alleges that on or about October 19, 2017 a GO 15 was held related to

plaintiff's off duty employment.

123.    Plaintiff alleges as a result of that GO 15 defendant VINCENT GREANY was ordered to sign plaintiff's application for off duty employment.

124.    Plaintiff alleges that as a result of that order defendant VINCENT GREANY signed plaintiff's application to work off duty employment.

125.    Plaintiff alleges that he filed another IAB complaint regarding the retaliatory treatment he was receiving in the 9th Precinct.

126.    Plaintiff alleges that on or about June 13, 2018 defendant MICHAEL DIAZ approached plaintiff and requested his entire memo book for the years 2017 and 2018.

127.    Plaintiff alleges that defendant MICHAEL DIAZ did this in order to scrutinize plaintiff in order to manufacture disciplinary actions against plaintiff.

128.    Plaintiff alleges that on or about June 14, 2018, that he was informed by Sergeant Aaron Johnson, who is close with defendant VINCENT GREANY, that defendant VINCENT GREANY had "dirtied up" his central personnel index.

129.    Plaintiff alleges that on July 3, 2018 filed another complaint with IAB regarding the retaliatory treatment he was receiving in the 9th Precinct.

130.    Plaintiff alleges that it is no coincidence that the IAB investigation started immediately after he made his first complaint with the Office of Equal Employment Opportunity.

131.    Plaintiff alleges in October 2018, plaintiff was the subject of a GO 15 for the filing of a false report with IAB and working off duty employment.

132.    Plaintiff alleges that during the GO 15 that IAB had inquired about trying to press criminal charges against plaintiff, but the district attorney rejected their retaliatory efforts.

16

133.    Plaintiff alleges that it was further determined in the GO 15 that IAB had subpoenaed the records of American Airlines, where plaintiff worked his off-duty employment, in further efforts to punish plaintiff.

134.    Plaintiff alleges that as part of IAB's investigation they improperly and possibly illegally filed an administrative warrant on Google to obtain plaintiff's phone records.

135.    Plaintiff alleges that this IAB investigation was retaliatory and was triggered by plaintiffs filling of a complaint of discrimination and retaliation with the Office of Equal Employment Opportunity.

136.    Plaintiff alleges that IAB took these retaliatory actions against plaintiff because he failed to discriminate against Dana Harge in accordance with the wishes of his supervisors.

137.    Plaintiff alleges that IAB and the defendants herein including specifically defendants JONATHAN LIPKE, SYLVETER GE and VINCENT GREANY conspired to deny plaintiff overtime and his off-duty employment to punish plaintiff for failing to perpetrate the discriminatory actions of the defendants.

138.    Plaintiff alleges that IAB accused him of "acting in a manner prejudicial to the good order and nature of the police department" which is a catchall with no real definition in the Patrol Guide.

139.    Plaintiff alleges that as a result of this fraudulent and retaliatory investigation into him that the department suspended him for 30 days for lying in his report of the defendant MICHAEL LAU's drunk driving hit and run.

140.    Plaintiff alleges that despite the NYPD policy which allows officers to report incidents anonymously to IAB, plaintiff was target and punished as a result of his lawful complaint.

141.   Plaintiff alleges that he returned from suspension on November 1, 2018 at which time he was notified that he would be transferred to the Bronx Viper unit in further retaliation for failing to discriminate against Dana Harge.

142.   Plaintiff alleges that during the conversation about his transfer he was told to "enjoy highway therapy" on his way to the Bronx.

143.   Plaintiff alleges that "highway therapy" is a retaliatory action taken by the department to force police officers to travel a great distance to get to their assignment as a form of punishment.

144.   Plaintiff alleges that his commute to Bronx Viper from his home is approximately two (2) hours in each direction and that this assignment was given to him as a form of punishment for not discriminating against Dana Harge.

145.   Plaintiff alleges that upon arriving at Bronx Viper, defendant DANIEL BROWN, called defendant LAWRENCE HAWKINS, who is the Commanding Officer of Bronx Viper to continue the retaliation against plaintiff.

146.   Plaintiff alleges that upon arriving a Bronx Viper, defendant LAWRENCE HAWKINS, asked him what tour he wanted to work and then purposefully assigned plaintiff to a different tour.

147.   Plaintiff alleges that defendant Hawkins gave the tour requested by plaintiff to a junior sergeant and then claimed that sergeant had more seniority then plaintiff.

148.   Plaintiff alleges that during his time in Bronx Viper defendant LAWRENCE HAWKINS would regularly issue bogus command discipline which ultimately became internal charges against plaintiff.

149.   Plaintiff alleges that this discipline given by defendant LAWRENCE HAWKINS came after the defendant knew and even admitted to plaintiff that he had committed no wrongdoing.

150.  Plaintiff alleges that on one instance, defendant LAWRENCE HAWKINS issued Plaintiff a command discipline for an incident that happened during his tour.

151.  Plaintiff alleges that in that situation a supervisor did not come into work. Plaintiff verified with another sergeant that the supervisor who did not appear for work was out sick.

152.  Plaintiff alleges that he had no access to the computer on that day and that he could not call the medical division to verify because it would violate HIPPA laws.

153.  Plaintiff alleges that despite knowing this defendant LAWRENCE HAWKINS still issued him charges despite being urged by plaintiff's union not to.

154.  Plaintiff alleges that in early 2019 Sergeant Louis Gugliemo arrived to Bronx Viper and informed him that defendant DANIEL BROWN is a close friend of defendant LAWRENCE HAWKINS.

155.  Plaintiff alleges that he was further informed by Sergeant Louis Gugliemo that defendant DANIEL BROWN had instructed defendant LAWRENCE HAWKINS to report plaintiff progress to him and to get plaintiff on anything he could.

156.  Plaintiff alleges that in February 2019 he was told by Sergeant Joe Diaz that defendant LAWRENCE HAWKINS told Sgt Diaz that he will get plaintiff and he will not walk away scot free.

157.  Plaintiff alleges that as a result of the retaliatory actions of the defendants herein, Plaintiff was caused to suffer severe emotional distress.

158.  Plaintiff alleges that as a result of the threats by defendant LAWRENCE HAWKINS plaintiff was fearful for his continued employment with the department.

159.  Plaintiff alleges that as a result of the retaliatory actions of his supervisors listed herein within the department from 2015 until the present day he was subjected to

fraudulent disciplinary actions and forced to endure severe emotional distress

160.    Plaintiff alleges that as a result of the retaliatory actions of the defendants herein he was afraid to speak with any type of mental health provider out of fear that he would be punished by the NYPD for not being fit for duty or what is commonly referred to in the department as "psyched out."

161.    Plaintiff alleges "psyched out" is a term used by the NYPD when police officers are deemed not psychologically fit for duty.

162.    Plaintiff alleges that due to the unbearable emotional distress he emailed IAB and stated that the stress from the retaliation he was suffering was over bearing. IAB ignored plaintiff complaint.

163.    Plaintiff alleges that on or about March 13, 2019, he saw a psychologist on his own time to speak about the issues he was forced to endure and the emotional toll it has taken on him both personally and professionally.

164.    Plaintiff alleges that the psychologist advised him to resign from the police department or he may suffer irreparable health risks.

165.    Plaintiff alleges that he resigned from the New York City Police Department on March 15, 2019 as a result of the retaliatory and malicious actions taken against him.

166.    Plaintiff alleges that the defendants herein created a hostile work environment and retaliated against plaintiff for over four (4) years.

167.    Plaintiff alleges that the actions of the defendants herein caused him to suffer severe and pervasive emotional distress as a result of that hostile environment.

168.    Plaintiff alleges that his working environment was so unusually adverse that a reasonable employee in his position would have felt compelled to resign.

169.    Plaintiff alleges that through the comments stated herein of many of his

supervisors including his most recent supervisor defendant LAWRENCE HAWKINS, the defendants herein intended to force the resignation.

170.     Plaintiff alleges that the defendants herein had actual knowledge of the intolerable work conditions that plaintiff was subjected to.

171.     Plaintiff alleges that the defendants herein purposefully created the intolerable work conditions for plaintiff to get him to quit the New York City Police Department.

172.     Plaintiff alleges that the actions taken by the defendant herein were sufficiently extraordinary and egregious to overcome the normal motivation of a competent and reasonable employee to remain on the job.

173.     Plaintiff alleges that a reasonable person would find the conditions of plaintiff's employment to be unusually egregious and adverse.

174.     Plaintiff alleges that a reasonable person would find the conditions of plaintiff's employment intolerable.

175.     Plaintiff alleges that he was constructively discharged from the New York City Police Department as a result of the severe emotional distress which was knowingly caused by the defendants herein.

176.     Plaintiff alleges that after resigning the New York City Police Department retroactively demoted him from sergeant to police officer.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RETALIATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

177.     Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count I of this complaint.

178. Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions against him for his refusal to participate in the racial discrimination of Police Officers Dana Harge and Lisa Stokes.

179. Plaintiff alleges that the retaliatory actions of defendant THE CITY OF NEW YORK through its agents caused him to lose compensation, loss of job opportunities, suffer emotional distress.

**COUNT II**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

180. Plaintiff re-alleges Paragraphs 1 through 83 and incorporates them by reference as Paragraphs 1 through 83 of Count II of this complaint

181. Plaintiff alleges that defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS engaged in various retaliatory actions against him acting individually and in their official capacities as public officials of defendant THE CITY OF NEW YORK for refusing to participate in the racial discrimination of Police Officers Dana Harge and Lisa Stokes.

182. Plaintiff alleges defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS acted to deprive him of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

183. Plaintiff alleges defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY;

MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS caused him to lose compensation, loss of job opportunities, suffer emotional distress.

## COUNT III
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

184.     Plaintiff re-alleges Paragraphs 1 through 87 and incorporates them by reference as Paragraphs 1 through 87 of Count III of this complaint.

185.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused him injuries.

186.     Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of race discrimination and retaliation through its agents were under color of law.

187.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused him to sustain damages.

## COUNT IV
## NEGLIGENT HIRING
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

188.     Plaintiff re-alleges Paragraphs 1 through 91 and incorporates them by reference as Paragraphs 1 through 91 of Count IV of this complaint.

189.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived him of constitutional and statutory rights by hiring and promoting defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS.

190.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's decision to hire and promote defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

191.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents decided to hire and promote defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS he sustained constitutional and statutory injuries.

## COUNT V
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

192.    Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count V of this complaint.

193.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

194.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

195.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

196.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its

agents failure to train its employees regarding race discrimination and retaliation in the workplace he sustained constitutional and statutory injuries.

## COUNT VI
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

197.    Plaintiff re-alleges Paragraphs 1 through 100 and incorporates them by reference as Paragraphs 1 through 100 of Count VI of this complaint.

198.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

199.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

200.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

201.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to supervise its employees he sustained constitutional and statutory injuries.

## COUNT VII
## FAILURE TO DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

202.    Plaintiff re-alleges Paragraphs 1 through 105 and incorporates them by references Paragraphs 1 through 105 of Count VII of this complaint.

203.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived him of constitutional and statutory rights by failing to discipline defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE;

MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS.

204.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's failure to discipline defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

205.    Plaintiff alleges because defendants' SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS he sustained constitutional and statutory injuries.

**COUNT     VIII
RETALIATION
IN VIOLATION OF
NEW YORK STATE EXECUTIVE LAW § 296**

206.    Plaintiff re-alleges Paragraphs 1 through 109 and incorporates them by reference as Paragraphs 1 through 109 of Count VIII of this complaint.

207.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race or gender.

208.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

209.    Plaintiff alleges defendants' defendants' THE CITY OF NEW YORK;

SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS engaged in various retaliatory actions against him based upon his opposition to race and gender discrimination.

210.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS, he incurred significant legal costs, emotional distress, and damage to his personal and professional reputation.

**COUNT IX**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

211.   Plaintiff re-alleges Paragraphs 1 through 114 and incorporates them by reference as Paragraphs 1 through 114 of Count IX of this complaint.

212.   Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race or gender.

213.   Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

214.   Plaintiff alleges defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ, DANIEL BROWN and LAWRENCE HAWKINS engaged in various retaliatory

actions against him based upon opposition to race and gender discrimination.

215.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK; SYLVESTER GE; JOHN

SANFORD;    JONATHAN    LIPKE;    MARC    LEVINE;    STEPHEN

BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL DIAZ,

DANIEL BROWN and LAWRENCE HAWKINS, he incurred significant legal

costs, emotional distress, and damage to his personal and professional reputation.

## JURY TRIAL

216.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; SYLVESTER GE; JOHN SANFORD; JONATHAN LIPKE; MARC

LEVINE; STEPHEN BRATHWAITE; VINCENT GREANY; MICHAEL LAU; MICHAEL

DIAZ, DANIEL BROWN and LAWRENCE HAWKINS jointly and severally, in an amount to be

determined at trial, plus any al available statutory remedies, both legal and equitable, and interests

and costs.

Dated: March 21, 2019
New York, NY

                                                 Respectfully submitted,


                                                 By:    _____/s/_____
                                                        John Scola

                                                 Nwokoro & Scola, Esquires
                                                 Attorneys for Plaintiff
                                                 30 Broad Street Suite 1424
                                                 New York, New York 10004
                                                 (212) 785-1060
                                                 jscola@nwokoroscola.com